## Vanasdalan v. Gibb-Miller Insurance

Before Shughart, *P.J.*, Sheely, *J.*, and Spicer, *P.J.*, 51st Judicial District, Specially Presiding.

*James D. Flower*, for plaintiff.
*Robert P. Reed*, for defendant.

SPICER, *P.J.*, *51st Judicial District, Specially Presiding*, June 25, 1979—Plaintiff sued defendant, an insurance agency, for a fire loss occasioned when plaintiff's boat was severely damaged by fire and it was determined no insurance had been procured to cover the loss.

The court, in a non-jury trial, found in favor of defendant and thereafter post-trial motions were filed and have been argued.

This was not a case involving ordinary problems of insurance. Plaintiff had purchased a boat which according to defendant was a poor insurance risk because of its age. Defendant testified he proceeded expeditiously but could not place the insurance by the time of the fire because of the boat's age. Plaintiff testified he had dealt with defendant for all of his insurance needs in the past and was relying upon defendant in this situation. In this reliance, he assumed that insurance would be placed. He offered no testimony about the availability of insurance from other sources.

Plaintiff's contentions, reduced to their simplest essence, are that once defendant agreed to undertake to procure insurance and plaintiff relied upon that agreement, defendant should personally be responsible for the loss.

The trial judge rejected this theory on the basis that some fault must be established whether the form of action is either assumpsit or trespass. We do not disturb this ruling but hold that a new trial must be granted for another reason.

The court found, as a fact, that defendant, after plaintiff had initially inquired about insurance, had responded that there was no problem and that defendant would get back to plaintiff later about the premium. The court also found that defendant had complied with the standards of the insurance business.

Upon review, these two findings cannot be reconciled. In light of the defendant's initial response, it is apparent that it did not conform to the standards of the insurance profession. The court holds that as a minimum defendant should have promptly notified plaintiff if there was a problem in insurance placement. Defendant did not do this, and therefore did not conform to these standards.

This does not mean that simply because of this defendant would automatically become an insurer in this situation, but it would be defendant's burden to prove that no loss was occasioned plaintiff because of the breach.

For this reason, the attached order will be entered.

## ORDER

And now, June 25, 1979, a new trial is ordered in the above matter.